IN THE UNITED STATE DISTRICT
FOR THE DISTRICT OF NEW MEXICO

**Daisy R. Charley, Wrongful Death Personal Representative of the Estate of John C. Charley, deceased,**

    Plaintiffs,

vs.                                                                 No.

**THE UNITED STATES OF AMERICA,**

    Defendant.

## COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT FOR WRONGFUL DEATH DUE TO MEDICAL NEGLIGENCE

Plaintiff, Daisy R. Charley, avers for her complaint the following:

1. Daisy R. Charley resides in Shiprock, New Mexico, within the Navajo Indian Reservation.

2. Daisy R. Charley was decedent's spouse at the time of his death. Plaintiff has been appointed wrongful death personal representative of John C. Charley, deceased, by the Navajo Nation Courts applying the law of the State of New Mexico in the Family Court of the Navajo Nation, Shiprock District, cause number SRFC-DM-1123-2015.

3. This civil action seeks compensatory damages arising from the negligence of employees and personnel at Northern Navajo Medical Center ("NNMC") located in Shiprock, New Mexico, a facility operated by the United States through the Department of Health and human Services and the Indian Health service.

**JURISDCTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT**

4. Plaintiff's claim in this action are authorized by and is brought pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, *et seq.,* and also pursuant to 28 U.S.C. §1331. This claim is also brought pursuant to 41-2-3 NMSA 1978, by plaintiff, as wrongful death personal representative of Decedent on behalf of herself and the other wrongful death beneficiaries as set forth therein.

5. Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiff's claims in this case, particularly pursuant to 28 U.S.C. §1346(b).

6. The FTCA makes the United States liable for the negligent acts and omissions of federal "employees."

7. Federal employees include, but are not limited to, employees of the Indian Health Service and the NNMC.

8. At all times material to this case defendant United States controlled, owned, and operated NNMC.

9. NNMC provides medical care to Native Americans who are members of recognized tribes pursuant to various federal statutes and other law.

10. At all times material to this case defendant United States, acting through the Indian Health Service, held itself out to have the ability to provide medical care to members of the Navajo Nation and to decedent at its NNMC, including the ability to address decedent's medical health problems.

11. Plaintiff, through legal counsel, presented to the Department of Health and Human Services in April, 2016, and received by the Department of Health and Human Services on April 8, 2016, a timely administrative claim under the FTCA alleging negligence by federal employees at NNMC in the provision of medical care to decedent. (Exhibit 1).

12. As contemplated by statute, defendant United States has had more than six months to investigate plaintiff's claim and to attempt settlement with plaintiff.

13. By statute, a claim presented under the FTCA is deemed denied by the United States six months after it is presented, and plaintiff is then authorized to file a lawsuit against the United States.

14. Despite plaintiff providing defendant with all documentation requested, defendant has not attempted to settle with plaintiff and has not denied her claim.

15. Plaintiff has now exhausted her administrative remedies as required by the FTCA.

16. Plaintiff is authorized by statute to file this action in the United States District Court for the District of New Mexico.

17. At all material times, plaintiff and decedent were tribal members of the Navajo Nation and at all material times resided in or near Shiprock, New Mexico.

18. Venue is proper in this district under 28 U.S.C. §1402(b).

## FACTUAL BACKGROUND

19. On September 29, 2015, decedent, John C. Charley, was admitted to the NNMC for failure to thrive. His physical examination indicated he was chronically ill, diffusely weak, unable to ambulate, and had an irregular heart rate. Mr. Charley was admitted to NNMC on this date.

20.     Due to Mr. Charley's debilitated state, he was considered a high fall risk under multiple fall risk assessment criteria.  Only basic fall risk precautions were initiated while Mr. Charley was a patient at NNMC.

21.     Mr. Charley appeared to be making slow progress with physical therapy assistance and pain management that included the administration of morphine.

22.     On October 2, 2015, at approximately 1:00 a.m., Registered Nurse Brooke Lewis found Mr. Charley on the floor lying on his right side.  Mr. Charley had skin tears to his right elbow, right hand, and cheek and he complained of right hip pain.

23.     X-rays of Mr. Charley's hip showed he suffered a basicervical fracture involving the femoral neck of his right leg/hip.

24.     On October 2, 2015, Dr. Edward G. Alexander performed an open reduction and internal fixation of Mr. Charley's right hip fracture.  During this surgery, Mr. Charley went into cardiac and respiratory arrest.  He was resuscitated, the surgery was cancelled, and Mr. Charley was transferred to the Intensive Care Unit.

25.     Mr. Charley was unable to recover from the cardiac/respiratory arrest event that occurred during the surgery and remained in the Intensive Care Unit.  After discussions with the family, palliative measures were initiated and Mr. Charley died on October 4, 2015.

## CAUSE OF ACTION - DUTY, NEGLIGENCE, AND CAUSATION

26.     Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of her first count of negligence.

27.     The United States is legally responsible for the negligent actions of its NNMC staff, including employees of NNMC, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

28. The involved staff who participated in the medical care of decedent, were employees of the Indian Health service at all pertinent times as to decedent's health care.

29. Those employees were on the job performing job-related duties for NNMC at the time they were engaged in providing healthcare to decedent.

30. If any negligent NNMC staff were not actual employees of the Indian Health Service at the time of the incident, they may have been contract employees whose contracts with the defendant provide that the defendant is liable under the Federal Tort Claims Act for their negligence.

31. If any negligent NNMC staff member was not an actual employee of the Indian Health Service at the time of the incident, he or she may have been a contract employee whose own or his or her employers' contracts with the defendant may be deemed by statute or federal regulation to make the defendant liable under the Federal Tort Claims Act for their negligence.

32. If any negligent NNMC staff were not an actual employees of the Indian Health Service at the time of the incident, and the preceding paragraphs 19-25 do not apply, they may have been contract employees for whom the defendant is vicariously liable under the Federal Tort Claims Act pursuant to the doctrines of law such as agency and *respondeat superior*.

33. Defendant had a duty to exercise reasonable care in the diagnosis and treatment of decedent and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

34. The involved staff breached the duty of reasonable care owed to decedent and are guilty of the following negligent actions and omissions by failing to measure up to the applicable standards of care, skill, and practice required of members of their professions, to wit:

a. Failure to impose a full spectrum of high fall risk procedures including, but not limited to, one-on-one supervision/sitter;

b. Failure to determine that decedent was not a suitable candidate for surgical intervention;

c. Failure to further rehabilitate decedent prior to surgical intervention;

d. Failure to have a documented restorative program in place;

e. Failure to have an adequate plan of care that is designed to reduce the risk of fall(s) for the decedent;

f. Failure to recognize that decedent's debility made him a high fall risk;

g. Failure to consider that the use of pain medication, including morphine, made decedent a high fall risk;

h. Failure to monitor decedent;

i. Failure to utilize bed alarms and sensors;

j. Failure to have adequate numbers of staff on shift to address the needs of Mr. Charley and other patients; and,

k. Negligently and carelessly failing to meet the requisite standards of care and skill required and observed in the field of medicine and nursing care, and related fields while performing or engaged in surgery, and in further particulars that, at this time, are not known to plaintiff as to the specific facts, but which are believed and herby alleged will be disclosed during discovery and in the course of the litigation.

35. The negligent actions and omissions of the NNMC staff, in their treatment of decedent were actions and omissions for which the United States would be liable to plaintiff for negligence under the laws of the State of New Mexico, the place where the incident occurred, if the United States were a private individual at fault for the same negligence.

36. At all times material hereto, decedent was a patient of the Indian Health Services, an agency of the United States Department of Health & Human Services, and was in the care and custody of NNMC and involved staff, completely dependent upon the government, the hospital, and the hospital staff for his medical care.

37. Defendant United States, acting through its employees, negligently failed to provide appropriate, reasonable, and required medical care to decedent, which gives rise to a negligence cause of action against defendant, as laid out herein.

38. As a direct and proximate result of the negligence of defendant United States and its employees, and the staff at NNMC, decedent endured pain and suffering prior to succumbing to death during a negligently-advised and timed surgical procedure.

39. As a direct and proximate result of the negligence of defendant and the resultant death of decedent, decedent's children: Marjorie C. Yazzie, Mildred Charley, Kathleen Smith, Lester Charley, Sr., Vivian BlueEyes, and Shirley Largo, were deprived of their father's society, services, and consortium, as was his spouse, plaintiff herein.

## DAMAGES

40. Under the FTCA and the law of the place of the wrong, the State of New Mexico, plaintiff and decedent's children are entitled to compensatory damages for their losses, both special and general, non-medical expenses incurred, loss of value of household services, and loss of consortium. Defendant United States is liable to plaintiff

for their losses and plaintiff hereby claims a right to recover on her own, and on the children's behalf, all allowable damages recognized by New Mexico, whether specifically mentioned herein or not.

## CONCLUSION

**WHEREFORE**, plaintiff prays for the court to enter judgment for plaintiff and to order that she be compensated for all losses allowed or recognized by law, for an award of allowable costs, and for such other relief as recognized under the laws and rules that govern this case.

Respectfully submitted,

BARBER & BORG, LLC


*/s/Forrest G. Buffington*
Forrest G. Buffington
Attorney for the Plaintiff
P.O. Box 3830
Shiprock, New Mexico  87420
505-368-4200
505-368-5010
forrest@barberborg.com